IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARIA PASTORA ACOSTA<br>6706 MCKELDIN DR<br>SUITLAND, MD 20746<br><br>     PLAINTIFF,<br><br>v.<br><br>KEMBER INTERIORS, INC.<br>8700 LARKIN RD ST.<br>SAVAGE, MD 20763<br><br>     SERVE: LAWYERS INC., RA<br>     7ST. PAUL STREET, SUITE 820<br>     BALTIMORE, MD 21202<br><br>THOMAS EDWARD HESCOTT<br>21489 LAKEFIELD RD<br>MERRILL, MI 48637<br><br>KENTUCKY CABINETS & FLOORING, LLC<br>11602 OLD BALTIMORE PIKE<br>BELTSVILLE MD 20705<br><br>     SERVE: WILLY GOMEZ DELGADO<br>     11602 OLD BALTIMORE PIKE<br>     BELTSVILLE MD 20705<br><br>DOMINICAN FLOOR, LLC<br>3607 CHASE TERRACE<br>BELTSVILLE MD 20705<br><br>     SERVE: ERIDSON D LOPEZ SOSA<br>     3607 CHASE TERRACE<br>     BELTSVILLE, MD, 20705<br><br>     DEFENDANTS. | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | Case No.: 8:22-cv-01052 |

## COMPLAINT

Plaintiff, Maria Pastora Acosta ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Kember Interiors, Inc. ("Kember Interiors"), Thomas Edward

1

Hescott, Kentucky Cabinets & Flooring, LLC ("Kentucky Cabinets"), and Dominican Floor, LLC (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.* (hereinafter "MWHL"), and the Maryland Wage Payment and Collection Law, Maryland Code, Labor and Employment Article §§ 3-501 *et seq.* ("MWPCL").

## PARTIES AND JURISDICTION

1. Maria Pastora Acosta is an adult resident of the State of Maryland. By participating as the named Plaintiff in this action, Plaintiff consents to prosecute her claims against Defendants under the FLSA.

2. Defendant Kember Interiors is a corporation doing business in the State of Maryland. Kember Interiors contracted with various subcontractors, including Dominican Floor, LLC and Kentucky Cabinets.

3. Defendant Thomas Edward Hescott is an adult resident of the State of Michigan that owns and operates Kember Interiors.

4. Defendant Kentucky Cabinets is a limited liability company formed under the laws of the State of Maryland and doing business in the State of Maryland.

5. On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

6. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled or otherwise worked on goods and materials (namely

2

furniture and other related items) that were moved in or produced for commerce. Thus, Plaintiff was an individual employee who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

7. Pursuant to the foregoing, Defendants were Plaintiff's "employers" for the purposes of the FLSA, MWHL, and MWPCL.

8. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

9. Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

11. Kember Interiors is a cabinet manufacturer.

12. Throughout the relevant period, Maria Pastora Acosta worked at the Kember Interiors warehouse located at 8700 Larkin Road, Salvage, MD 20763 as a cabinet assembler. Specifically, Plaintiff's work was done on the premises of Kember Interiors.

13. Kember Interiors and Thomas Hescott developed a scheme whereby they assigned low level employees to "hire" cabinet assemblers.

14. However, Kember Interiors and Thomas Hescott would control or share responsibility for the cabinet assemblers' work and conditions of employment.

15. Kember Interiors and Thomas Hescott would frequently shuffle around Plaintiff's direct employer and would assign plaintiff to work for a new direct employer in an ad hoc basis.

16. During this time, Ms. Acosta worked under various subcontractors, with Kember Interiors and Thomas Hescott acting as the joint employer and the general contractor.

17. Plaintiff worked under the first contractor from the start of her employment to approximately November 2019. Plaintiff then worked directly under for Dominican Floor, LLC from approximately December 2019 until January 2021. Lastly, Plaintiff worked directly under for Kentucky Cabinets from approximately February 2021 until September 27, 2021.

18. With each change, Plaintiff's job stayed exactly the same and she remained at the same location.

19. Plaintiff never applied for any of these changes. She was merely told that she would be working under a new contractor.

20. Therefore, there was a high degree of permanency in the relationship between Plaintiff, Kember Interiors, and the subcontractors. Indeed, Plaintiff's relationship with Kember Interiors far exceeded that with any particular subcontractor.

21. Furthermore, Kember Interiors, Thomas Hescott, and the subcontractors were engaged in "construction services." Therefore, these Defendants are jointly and severally liable for Plaintiff's wage violations under Maryland law.

22. During the relevant period, Defendants paid Plaintiff an hourly rate between $14.00 and $16.00.

23. During the Relevant Period, Plaintiff frequently worked hours over forty in a given week. However, Defendants failed to pay Plaintiff at one-and-one-half times (1.5x) her hourly rate for hours worked over forty (40).

24. Additionally, during the time Plaintiff worked directly under Kentucky Cabinets, Kentucky Cabinets deducted $20.00 each biweekly payment. Kentucky Cabinets stated that it was making this deduction because this was the cost it incurred to "process her payroll." However, Plaintiff never authorized this deduction.

25. As joint employers, Kember Interiors, Thomas Edward Hescott, Kentucky Cabinets, and Dominican Floor, LLC:

   a. Hired and/or disciplined Plaintiff, and/or had the power to hire, fire, suspend, and otherwise discipline Plaintiff;

   b. Supervised Plaintiff's work duties, and/or had the power to supervise Plaintiff's work duties to ensure her work was of sufficient quality;

   c. Set and controlled Plaintiff's work schedule, and/or had the power to set and control Plaintiff's work schedule;

   d. Set and controlled Plaintiff's conditions of employment, and/or had the power to set and control Plaintiff's conditions of employment;

   e. Set, determined and decided, and/or had the power to set, determine and decide Plaintiff's rate, method and manner of pay;

   f. Controlled and had decision-making power regarding Plaintiff's day-to-day duties and responsibilities, and/or were directly and/or indirectly in charge of Plaintiff's day-to-day duties and responsibilities; and,

   g. Controlled employment records of Plaintiff, and/or had the power to control and/or maintain employment records of Plaintiff.

26. Plaintiff's primary work duties did not qualify for exemption under the FLSA, MWHL, MWPCL.

27. Defendants' failure and refusal to pay Plaintiff the wages she rightfully earned as required by the FLSA, MWHL, and MWPCL, including overtime at one-and-one-half times (1.5x) her regular rate, was willful and intentional, and was not in good faith.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

28. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

29. The FLSA mandates that an employer must pay an employee overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

30. Plaintiff was Defendants' "employee" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiff's "employers" under § 207(a)(2) of the FLSA.

31. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate for all overtime hours Plaintiff worked.

32. As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours each week of her employment.

33. As set forth above, Defendants failed and refused to pay Plaintiff one-and-one-half (1.5x) her regular rate for all overtime hours she worked.

34. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
## Violation of Maryland Wage and Hour Law
## (Overtime)

24. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

25. Plaintiff was Defendants' "employee" and Defendants were Plaintiff's "employers" within the meaning of the MWHL. As Plaintiff's "employers," Defendants were obligated to pay Plaintiff overtime compensation under § 3-415 and § 3-420 of the MWHL. These sections require Defendants to compensate Plaintiff at the rate of one-and-one-half times (1.5x) her regular hourly rate ("overtime rate") for all hours worked per week in excess of forty (40) ("overtime hours").

26. As set forth above, Defendants paid Plaintiff an hourly rate for all hours worked and did not pay Plaintiff one and a half Plaintiff's regular rate for the hours he worked over forty.

27. At all relevant times, Defendants had knowledge that Plaintiff worked more than forty (40) hours per week. Alternatively, Defendants suffered or permitted Plaintiff to work more than forty (40) hours per week.

28. Defendants, as Plaintiff's "employers," were obligated to compensate Plaintiff at her overtime rate for all the overtime hours Plaintiff worked in each week.

29. As discussed supra, Defendants had actual or constructive knowledge of all hours Plaintiff worked, including overtime hours. Nevertheless, Defendants willingly and knowingly failed to pay Plaintiff for her overtime hours at the overtime rate as required under the MWHL.

WHEREFORE, Defendants are liable to Plaintiff under Count II for all unpaid wages in such amounts as will be proven at trial, plus an equal amount as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of Maryland Wage Payment and Collection Law
### (Unpaid Wages)

35. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

36. Plaintiff was Defendants' "employee" pursuant to § 3-501 and § 3-502 of the MWPCL.

37. Defendants were Plaintiff's "employers" pursuant to § 3-501 and § 3-502 of the MWPCL.

38. As Plaintiff's "employers," Defendants were obligated to pay Plaintiff all wages due for the work she performed, including overtime wages.

39. As detailed above, Defendants failed to compensate Plaintiff for overtime wages owed.

40. Defendants' failure and refusal to pay overtime wages due to Plaintiff was not the result of any bona fide dispute.

WHEREFORE, Defendants are liable to Plaintiff under Count III for three times (3x) the amount of all unpaid wages that Defendants failed to pay Plaintiff, for attorney's fees, costs, and expenses of this action incurred as a result of Defendants' failure to pay Plaintiff what was legally owed to her, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems proper.

Respectfully submitted,

_____
Michael K. Amster, Bar ID: 18339
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave. Suite 400
Silver Spring, MD 20910
(301) 587-9373 (ph)
(240) 428-9142 (fax)
mamster@zagfirm.com

*Counsel for Plaintiff*